**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CIVIL ACTION NO. 3:10-CV-447-GCM-DCK**

| | |
|---|---|
| KNEEVER MORROW, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Commissioner of Social Security | ) |
| Administration, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**THIS MATTER IS BEFORE THE COURT** on the "Motion of Plaintiff's Counsel for Attorney's Fees Under 42 U.S.C. § 406(b)" (Document No. 23). This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(B) and is now ripe for disposition. Having carefully considered the motion and the record, and that Defendant does not object to the motion, the undersigned will grant the motion.

By the instant motion, Plaintiff's counsel seeks an award of attorney fees under the Social Security Act, 42 U.S.C. § 406(b), which provides that a "court may determine and allow as part of its judgment a reasonable fee . . . not in excess of 25 percent of the total of the past due benefits to which claimant is entitled by reason of such judgment." It appears that the Social Security Administration ("SSA") has determined that Plaintiff's past due benefits are $104,725.00 for the period after July 1, 2006. (Document No. 23-1, p.6). The SSA withheld $26,181.25 from Plaintiff's past-due benefits to pay his representative(s). (Document No. 23-1, p.9-10).

Recent case law provides that a court should review contingent-fee agreements, such as the one here, for reasonableness. Griffin v. Astrue, 1:10cv115-MR, 2012 WL 3155578 at *2

(W.D.N.C. August 2, 2012) (citing Gisbrecht v. Barnhart, 535 U.S. 789 (2002) and Mudd v. Barnhart, 418 F.3d 424 (4th Cir. 2005)).

Plaintiff's counsel now seeks an award of $20,181.25 in attorney's fees. (Document No. 23, p.1). Plaintiff reports that Defendant "does not object to this petition for 406(b) attorney's fees in the amount of $20,181.25." (Document No. 23, p.1). The undersigned observes that Plaintiff's counsel is requesting fees for work done in the instant action, as well as the subsequent action, Morrow v. Colvin, 3:13-CV-238-MOC (2013). As such, Plaintiff shall not attempt further payment in either action.

Based on the foregoing, applicable authority, and Plaintiff's papers, the undersigned finds that Plaintiff's request for fees should be granted, with modification.

**IT IS, THEREFORE, ORDERED** that the "Motion of Plaintiff's Counsel for Attorney's Fees Under 42 U.S.C. § 406(b)" (Document No. 23) is **GRANTED**. The Court awards Plaintiff's counsel fees in the amount of **$18,181.25**.

**SO ORDERED**.

Signed: May 10, 2016

David C. Keesler
United States Magistrate Judge